UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE TILLMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and FEDERATED SERVICE SOLUTIONS,<br><br>                      Defendants. | Case No.: 23-cv-647-L-BGS<br><br>**ORDER GRANTING MOTION TO AMEND THE COMPLAINT AND TO REMAND**<br><br>**[ECF No. 6]** |

Plaintiff Vickie Tillman ("Plaintiff") moves for leave to amend her complaint and to remand the case in light of her proposed amendment. (ECF No. 6.) Defendant Lowe's Home Centers, LLC ("Lowe's"), and Defendant Federated Service Solutions (collectively, "Defendants") jointly opposed. (ECF No. 8.) The Court decides the matter on the papers submitted and without oral argument. CivLR 7.1. For the reasons stated below, the Court grants the motion.

I. **INTRODUCTION**

This case arises out of personal injuries suffered by Plaintiff when she was struck in the head by a falling object inside a Lowe's store. (ECF No. 1-2, Compl., at 4.) Plaintiff commenced this action in San Diego Superior Court on August 3, 2022. (*Id.* at 1.) Plaintiff asserted claims for negligence and premises liability against Defendants and fifty Doe Defendants. (*Id.* at 1, 3.)

Defendants removed the action on the basis of diversity jurisdiction. (ECF No. 1, at 2–3.) In support, Defendants stated that Plaintiff is a resident of California, while Lowe's

is a citizen of North Carolina and Federated Service Solutions is a citizen of Michigan. (*Id.* at 3.) Plaintiff now seeks to amend the complaint to name a new Defendant, Lowe's store manager Richard Saldana, who is a citizen of California. (ECF No. 6-4, at 3.) Plaintiff asserts that Saldana's addition to the action would destroy diversity, divesting this Court of federal jurisdiction.

## II. LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In considering whether to permit joinder, courts consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Whether to permit joinder of a diversity-destroying defendant is within the sound discretion of the Court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

## III. DISCUSSION

Plaintiff argues that the six factors mentioned above weigh in favor of allowing joinder, (ECF No. 6, at 16–22), while Defendants argue the opposite, (ECF No. 8, at 11–22). The Court agrees with Plaintiff.

First, Rule 19(a) requires joinder of a person if "in that person's absence, the court cannot accord complete relief among existing parties," or if "that person claims an interest relating to the subject of the action" such that "disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an

existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). The standard for amendment under § 1447 is less restrictive than the standard to join a necessary party under Rule 19. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 100–12. Joinder is not permitted where the non-diverse defendant is "only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012. But joinder is proper where failure to join the non-diverse defendant would "lead to separate and redundant actions." *Id.* at 1011.

Defendants maintain that Plaintiff is merely making the same allegations against Saldana as against Lowe's simply to destroy diversity, and that Saldana's alleged negligence would be imputed to Lowe's anyways so he is not a necessary party. (ECF No. 8, at 13.) While Lowe's may ultimately have to indemnify Saldana if he is found liable, *see* Cal. Lab. Code § 2802, this fact does not preclude Plaintiff from suing a company and its employees for damages arising out of the same incident. *See Trevino v. Costco Wholesale Corp.*, No. 21-CV-0948 W (AGS), 2021 WL 4988751, at *2 (S.D. Cal. Oct. 27, 2021) ("[T]he fact that [the store] may be both directly liable for its negligence and vicariously liable for the negligence of its employee supports Plaintiff's argument that the employee is a necessary party to this action, and not merely tangentially related." (quotation omitted)). So, the first factor weighs in favor of joinder.

Second, the California statute of limitations to bring an action for injury "caused by the wrongful act or neglect of another" is two years. Cal. Civ. Proc. Code § 335.1. The incident at issue took place on October 20, 2020. (ECF No. 6-4, at 3.) Thus the time for Plaintiff to pursue a new action in state court against Saldana expired on October 20, 2022. It follows that should the Court deny joinder, Plaintiff would be precluded from bringing any claim against Saldana, whether in state or federal court. The second factor therefore weighs in favor of joinder.

Third, the Court considers any delay in bringing the motion to amend the complaint. Defendants did not answer Plaintiff's original complaint until April 6, 2023 and removed the case only four days later on April 10, 2023. (ECF No. 1-4; ECF No. 1.) Plaintiff then

filed the present motion less than a month later on May 9, 2023. (ECF No. 6.) The Court finds no unreasonable delay on Plaintiff's part, which weighs in favor of joinder.

Fourth, looking to Plaintiff's motivation behind seeking joinder of a non-diverse defendant, there exists a presumption that the Plaintiff's sole purpose was not to defeat federal jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Furthermore, Plaintiff included Doe Defendants in her original complaint indicating that she intended to name additional defendants from the get-go that were foreseeably citizens of California, considering the incident took place there. The Court declines to impute an improper motive to Plaintiff in joining Saldana, so the fourth factor weighs in favor of joinder.

Fifth, the Court finds that the claims stated against Saldana are facially valid. Defendants argue that amendment to join Saldana would be futile because the complaint does not contain any claims against Saldana in his individual capacity or even claims that are separate from the claims brought against Defendants. (ECF No. 8, at 19–21.) But Defendants do not point to any California law that would preclude Plaintiff from bringing claims against both an employee and employer for the same conduct, and as stated above the fact that an employer may be directly or vicariously liable does not make a claim against an employee invalid. Thus the claims against Saldana appear valid and the fifth factor weighs in favor of joinder.

Finally, having found that the statute of limitations would preclude Plaintiff from bringing an action against Saldana entirely, the Court finds that Plaintiff would suffer prejudice should joinder be denied. It follows that the sixth factor weighs in favor of joinder.

## IV.   CONCLUSION

All six factors weigh in favor of allowing Plaintiff to amend the complaint and name Saldana as a Defendant. Accordingly, Plaintiff's motion to amend the complaint is **GRANTED**. Plaintiff has asserted, and Defendants do not dispute, that Saldana is a citizen of California, so the parties are no longer completely diverse as required for this

Court to maintain federal diversity jurisdiction over the action. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996)). As a result, this action is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  August 30, 2023

Hon. M. James Lorenz
United States District Judge